THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| **KENNETH MICHAEL PACIOREK,**<br><br>Plaintiff,<br>v.<br><br>**THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT AMENDED COMPLAINT**<br><br>Case No. 2:23-cv-00904<br><br>District Court Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

On December 15, 2023, the Court granted Plaintiff Kenneth Michael Paciorek's ("Plaintiff" or "Paciorek") motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915(e).[1] Thereafter, the court conducted an IFP review and determined that Mr. Paciorek's complaint failed to state a claim upon which relief could be granted. The court granted Plaintiff leave to amend and Plaintiff filed an Amended Complaint.[2]

## STANDARD OF REVIEW

The IFP Statute requires dismissal of the case "at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted."[3] A court may dismiss a complaint as frivolous due to either legal or factual shortcomings.[4] In turn, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a

---

[1] ECF No. 4, Order Granting Leave to Proceed In Forma Pauperis.

[2] ECF No. 11.

[3] 28 U.S.C. § 1915(e)(2).

[4] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

claim to relief that is plausible on its face.'"[5] Here, Mr. Paciorek's pro se status relaxes the pleading standards but does not eliminate the basic requirement that his complaint contain facially plausible claims. [6]

A complaint must also meet the standards of Federal Rule of Procedure Rule 8. Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[7] and that "[e]ach allegation must be simple, concise, and direct."[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'"[9] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[10] The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[11]

## DISCUSSION

Plaintiff's Amended Complaint still fails to address the deficiencies in the original Complaint. Plaintiff provides a narrative surrounding Defendant The Church of Jesus Christ of Latter-Day Saints. For example, Plaintiff alleges Defendant has been "causing a [sic] insurrection that I can prove", Defendant "has great opinion on a medication called marijuana

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570) (2007)

[6] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] Fed. R. Civ. P. 8(a)(2).

[8] Fed. R. Civ. P. 8(d)(1).

[9] *Iqbal,* 556 U.S. at 662 (quoting *Twombly,* 559 U.S. at 555, 557 ) (alteration in original).

[10] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[11] *Twombly,* 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

that I use", doctors affiliated with Defendant were told to mess with Plaintiff's medicine, and harassments from "persons that's connected with the FBI and KSL and other organizations."[12] Mr. Paciorek also references Bill Gates, false advertising, and a google search that demonstrates how "Watergate is actually Mormon gate" alleging history is repeating itself.[13] The narratives provide information that is neither tethered to specific Defendants nor to the elements of a sated cause of action. Accordingly, Plaintiff fails to "explain what each defendant did to him…; when the defendant did it; how the defendant's action harmed him…; and, what specific legal right the plaintiff believes the defendant violated."[14] As explained previously, specific information is necessary in order to provide the opposing parties with fair notice of the claims alleged and to allow the court to determine if the plaintiff is entitled to the relief requested.[15]

Given the Tenth Circuit's preference to allow amendment if it is "at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief," the court grants Plaintiff a second opportunity to amend.[16] In doing so, the court notes that Plaintiff's second amended complaint must contain the following information and that a failure to do so will result in a recommendation of dismissal:

1. A short, plain statement setting forth the basis for federal jurisdiction;

---

[12] Amended Complaint p. 1, ECF No. 11.

[13] *Id.* p. 2

[14] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

[15] *See Monument Builders of Greater Kansas City Inc. v. American Cemetery Assn. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989) (citing *Perrington Wholesale Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371) (10th Cir. 1979)); *see also Nasious*, 492 F.3d at 1163 (10th Cir. 2007) (a plain statement under rule 8 provides defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.").

[16] *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994).

2.  A short, plain statement of each cause of action including reference to the specific statute or legal right that was violated sufficient to establish subject matter jurisdiction;

3.  Short, succinct, and specific factual allegations in support of each cause of action, to be set forth in numbered paragraph form;

4.  Identification of each named Defendant and information as to what each Defendant did and when;[17] and

5.  Identification of how each Defendant's conduct harmed the Plaintiff.

It is not enough to state "I will show" or "I can prove" throughout a Complaint as Plaintiff does in the Amended Complaint. Rather specifics as to each named Defendant must be provided. Further, Plaintiff's second amended complaint must stand on its own and may not incorporate by reference any facts or claims from her earlier pleadings.[18]

---

[17] "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[18] *See TV Communications Network Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1025 (10th Cir. 1992) ("The amended complaint must stand or fall on its own.").

## **ORDER**

Under review of the IFP statute, Mr. Paciorek's amended complaint fails to state a claim. Plaintiff shall have until <u>April 15, 2024</u> to file a second amended pleading. A failure to timely file or comply with the requirements set forth in this order and the court's prior order, will result in a recommendation of dismissal.

DATED this 8 March 2024.

_____
Dustin B. Pead
United States Magistrate Judge