THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Kenneth Michael Paciorek,<br><br>　　　　　　Plaintiff,<br>v.<br><br>The Church of Jesus Christ of Latter-Day Saints,<br><br>　　　　　　Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:23-cv-00904-JNP-DBP<br><br>District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Dustin B. Pead |

On February 5, 2024, the court screened Plaintiff's initial Complaint under 28 U.S.C. § 1915. The court concluded Plaintiff's Complaint failed to comply with the minimum pleading requirements of Federal Rule 8 and failed to state a claim upon which relief could be granted.[1] The court ordered Plaintiff to file an amended complaint by February 26, 2024.

On February 20, 2024, Plaintiff filed a timely Amended Complaint.[2] On March 11, 2024, the court screened the amended pleading and issued an order outlining the Amended Complaint's deficiencies.[3] Among these was a narrative that failed to tether any harm to specific Defendants or to elements of a cause of action. The court ordered Plaintiff to file a second amended complaint by April 15, 2024.

On April 15, 2024, the court received a document from Plaintiff entitled "writ of habeas corpus."[4] In this document Plaintiff again provides a free flowing narrative that alleges Defendant "teaches their members to attack certain individuals", launders money, buries

---

[1] ECF No. 10.

[2] ECF No. 11.

[3] ECF No. 13.

[4] ECF No. 14.

important headlines in the news, engages in "murder" and "causes physical and emotional harm", and asks the court to not block Plaintiff's access to the courts "because of a fake pandemic that knowingly I can prove with two documents I paid for at the vital records at the department of health of Indiana."[5] Plaintiff next points to certain sections of Utah Constitution and seeks the remedy of unsealing his name and "being told why I have a FBI watch list number …."[6]

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."[7] "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts [as here] to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders.[8]

## DISCUSSION

Plaintiff has failed to comply with multiple court orders requiring him to file a second amended complaint. Federal Rule 41(b) allows for dismissal of an action based upon a plaintiff's failure to comply with court orders. Further, in failing to file an amended complaint, Plaintiff has not cured the defects in his amended pleading as previously identified in the court's orders.

Plaintiffs most recent filing, entitled writ of habeas corpus fails to comply with the court's order to file a second amended complaint and even under a broad reading, fails to state a

---

[5] ECF No. 14.

[6] *Id.*

[7] Fed. R. Civ. P. 41(b).

[8] *Olsen v. Mapes*, 333 F.3d 1199, 1205 n.3 (10th Cir. 2003); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) ("a district court may, without abusing its discretion, enter such an order without attention to any particular procedures") (citing *Petty v. Manpower Inc.*, 591 F.2d 615, 617 (10th Cir. 1979)).

claim upon which relief may be granted. A pro se Plaintiff, such as Mr. Paciorek, has "the burden of alleging sufficient facts on which a recognized claim could be based."[9] Not every fact must be described in specific detail, but presenting an incoherent set of allegations that articulate implausible conspiracies is insufficient to comply with the Federal Rules or this court's orders.[10] Accordingly, this matter should be dismissed.

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Plaintiff's case be dismissed without prejudice.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 24 April 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *See, e.g., Goodsell v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, No. 2:20-CV-633-TC, 2021 WL 288568, at *4 (D. Utah Jan. 28, 2021) (dismissing a pro se complaint that contained incoherent allegations).